IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL ANTHONY LEVERE, JR.,
   *Plaintiff*,

v.                                       Civil Action No. ELH-21-1929

SIGNATURE PROPERTIES, LLC,
   *Defendant*.

**MEMORANDUM**

On July 30, 2021, the self-represented plaintiff, Paul Anthony Levere, Jr., filed suit against Signature Properties, LLC ("Signature"), his former employer. ECF 1 (the "Complaint"). Levere alleges discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as unequal pay in violation of the Equal Pay Act, 29 U.S.C. § 206(d). *Id.* at 8.[1] The Complaint is accompanied by two exhibits: Levere's Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination, and his EEOC Dismissal and Notice of Rights. ECF 1-3.

The Complaint included a summons, but it was incomplete, because it did not identify a person authorized to accept service of process on behalf of Signature. *See* ECF 1-2. The Court advised him of this deficiency on August 16, 2021. ECF 2. Plaintiff rectified his mistake and the Clerk issued summons on September 2, 2021. ECF 3. An executed summons was returned on September 30, 2021, reflecting service on September 23. ECF 4. The Proof of Service form specified that the summons had been served on "Esther Ojo," who was supposedly designated by law to accept service of process on behalf of Michael Katz, Signature's president. *Id.*

---

[1] It is unclear whether the Complaint also alleges discrimination on the basis of sex, and retaliation. ECF 1 at 7, 8; ECF 1-3 at 1.

1

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must respond to a suit within twenty-one days after being served with a summons and complaint.  *See* Fed. R. Civ. P 12(a)(1)(A)(i).  Signature did not respond to the Complaint by the due date of October 14, 2021.  *See* Docket.  On October 18, 2021, Levere filed a "motion for default judgement [sic]."  ECF 5.  The Clerk construed the motion as a request for entry of default.  And, on October 20, 2021, the Clerk entered default, pursuant to Fed. R. Civ. P. 55(a).  ECF 6 (the "Entry of Default").  On October 21, 2021, the Clerk mailed a Notice of Default to Signature, informing Signature it had 30 days in which to file a motion to vacate the Entry of Default.  ECF 7.

Signature filed a "Motion to Vacate Default" on November 22, 2021.  ECF 8.  The motion is accompanied by a memorandum of points and authorities (ECF 8-1, collectively "the Motion") and a Declaration by Signature president Michael Katz.  ECF 8-2.  The Motion argues that the Entry of Default should be vacated because Signature was not properly served under Fed. R. Civ. P. 4.  ECF 8-1 at 2-3.  Specifically, the Motion asserts that Esther Ojo, upon whom the Complaint was purportedly served, "does not have the authority to receive service of process on behalf of Defendant."  *Id*. at 2-3; ECF 8-2, ¶¶ 6, 7.  The Motion represents that Signature is in receipt of the Complaint, and requests that Signature be allowed to file its responsive pleading by December 20, 2021.  ECF 8-1 at 3.

Also on November 22, 2021, Levere filed a new Motion for Default Judgment.  ECF 9.  The Motion for Default Judgment asserts that no response to the Entry of Default had been filed.  *Id*.  In addition, it represents that Levere has spoken several times with counsel for Signature, but they had been unable to agree to a settlement.  *Id*.  In the motion, Levere requests a default judgment in the amount of $129,248.20.  *Id*.

2

Rule 55(c) of the Federal Rules of Civil Procedure states, in part: "The Court may set aside an entry of default for good cause . . . ." In *Payne ex rel. Estate of Calzada v. Break*, 439 F.3d 198, 203 (4th Cir. 2006), the Fourth Circuit instructed:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*See also Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

To be sure, a "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F.Supp. 2d 418, 421 (D. Md. 2005). Nevertheless, the Fourth Circuit has repeatedly expressed a strong preference that, as a matter of general policy, "default should be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. *See also United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Tazco, Inc. v. Director, Office of Workers' Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990); *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989).

"All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party." *Armor v. Michelin Tire Corp.*, 113 F.3d 1231 at *2 (4th Cir. 1997). Here, Signature has presented a reasonable argument that service was not properly effected, and that this issue, if left unaddressed, would result in dismissal of the case under Fed. R. Civ. P. 4.

Furthermore, Signature acted with reasonable promptness, especially considering that Levere moved almost immediately for default following the expiration of the time to respond to

the Complaint. In particular, Levere moved for default just four days after the due date to respond, and the Clerk entered default two days later.

Given the early stage of this litigation, there is no prejudice to Levere by a brief delay to permit the adversarial process to resume. Although the 30-day window for Signature to move to vacate the default judgment expired on November 20, 2021, Signature filed its Motion to Vacate only two days later. And, there is no history of dilatory action by Signature, nor any indication of deliberate delay on its part. Furthermore, plaintiff himself has introduced delay into the litigation, via his initially deficient summons, which the Court has accommodated.

In the exercise of my discretion, and in the interest of permitting the claims and defenses in this litigation to be resolved on their merits, I shall grant the Motion to Vacate and vacate the Clerk's Entry of Default.[2] Accordingly, I shall deny Levere's Motion for Default Judgment, as moot. And, I shall grant Signature until December 21, 2021, to respond to the Complaint. Moreover, by December 10, 2021, Levere may move to rescind the accompanying Order as improvidently granted.

An Order follows.

Date: November 23, 2021  /s/
Ellen Lipton Hollander
United States District Judge

---

[2] Signature also requests that, "to the extent that Plaintiff's Motion [for Default of October 18, 2021, ECF 5] may be ruled upon, Plaintiff's Motion should be denied." ECF 8-1 at 3. It is not appropriate to deny this motion, because it was already addressed by the Clerk's Entry of Default. But, vacating the Entry of Default amounts to the same thing.